Jared L. Bryan (SBN 220925)
Jared.Bryan@jacksonlewis.com
Monica H. Bullock (SBN 211314)
Monica.Bullock@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA  92618
Telephone:  (949) 885-1360

Attorneys for Defendant
MISSION LANDSCAPE COMPANIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDOR GONZALEZ, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MISSION LANDSCAPE COMPANIES, INC. and DOES 1 through 20, Inclusive,<br><br>　　　　　　Defendants. | Case No. 5:20-cv-00901<br><br>[Removed from Superior Court of California, County of Riverside, Case No. PSC1907282]<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1331, 1337, 1367, AND 1441**<br><br>Complaint Filed:  October 9, 2019 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF SANDOR GONZALEZ AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Section 1441, Defendant MISSION LANDSCAPE COMPANIES, INC. ("Defendant") hereby removes this action from the Superior Court of California for the County of Riverside on the grounds that this Court has jurisdiction over Plaintiff's (second and third) claims for alleged violation of the Family and Medical Leave Act (29 U.S.C. Section 2601, *et seq.*) ("FMLA"), pursuant to 28 U.S.C. Section 1331 as "arising under the Constitution, laws, or treaties of the United

States," and under 28 U.S.C. Section 1337(a) as "arising under any Act of Congress regulating commerce." Further, this Court has supplemental jurisdiction over all other claims alleged in Plaintiff's Complaint under 28 U.S.C. Section 1367(a) as they are "part of the same case or controversy." In support thereof, Defendant avers the following:

### STATEMENT OF JURISDICTION

1. The District Court has jurisdiction over Plaintiff's two FMLA claims under 28 U.S.C. Section 1331 as "arising under the Constitution, laws, or treaties of the United States," and under 28 U.S.C. Section 1337(a) as "arising under any Act of Congress regulating commerce." (*Breuer v. Jim's Concrete of Brevard, Inc.* (2003) 538 U.S. 691, 694.) The District Court has supplemental jurisdiction over all other Plaintiff's claims as they are "part of the same case or controversy." (28 U.S.C. § 1367(a).)

2. As further set forth below, jurisdiction within the District Court is proper on the grounds herein described, and the Action is timely removed upon the filing of this Notice.

### PLEADINGS AND PROCESS

3. On or about October 8, 2019, Plaintiff Sandor Gonzalez ("Plaintiff") filed a Complaint against Defendant in Superior Court of California for the County of Riverside, entitled *Gonzalez v. Mission Landscape Companies, Inc.,* Case No. PSC1907282 (the "Complaint").

4. In the Complaint, Plaintiff alleges the following three purported claims or causes of action against Defendant: (1) wrongful termination in violation of public policy; (2) FLMA-Interference; and (3) FMLA-Retaliation.

5. On or about March 30, 2020 Defendant was first served with a copy of Plaintiff's Summons and Complaint for the first time, along with the Civil Case Cover Sheet, Notice of Case Assignment, and Notice of Case Management Conference. True and correct copies of these documents are collectively attached to the Declaration of Jared L. Bryan ("Bryan Decl.") as Exhibit A.

///

6. On April 16, 2020, Defendant electronically submitted its Answer for filing in the Superior Court of California for the County of Riverside. A true and correct copy of the proof of filing is attached to the Bryan Decl. as Exhibit B.

7. Exhibits A and B constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

## TIMELINESS OF REMOVAL

8. This Notice of Removal has been filed within thirty (30) days after Defendant was served with a copy of Plaintiff's Summons and Complaint upon which this action is based. (*See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 353 [actual service of process is the official trigger for responsive action by a named defendant as opposed to receipt of complaint through other means].) This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. Section 1446(b).

## NOTICE TO ALL PARTIES AND STATE COURT

9. In accordance with 28 U.S.C. Section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk and Riverside Superior Court. Therefore, all procedural requirements under 28 U.S.C. Section 1446 have been satisfied.

## VENUE

10. Venue of this action lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. Section 1441, *et seq*., and 28 U.S.C. Section 1391(b)(2), as this is the judicial district in which Plaintiff alleges the action arose and where, based on information and belief, Plaintiff resides.

## ORIGINAL JURIDICTION OVER PLAINTIFF'S FMLA CLAIMS

11. Plaintiff's second and third causes of action, as alleged in his Complaint, are claims for alleged violations of a federal statute, FMLA. (*See* Complaint, attached to the Bryan Decl., Exh. A.) District courts have original jurisdiction over FMLA claims under 28 U.S.C. Section 1331 as "arising under the Constitution, laws, or treaties of the United

States," and under Section 1337(a), as "arising under any Act of Congress regulating commerce." (*Breuer v. Jim's Concrete of Brevard, Inc.* (2003) 538 U.S. 691, 694.)

## SUPPLEMENTAL JURISDICTION
## OVER PLAINTIFF'S NON-FEDERAL CLAIMS

12. When the Court has original jurisdiction over an action, the Court "shall have supplemental jurisdiction over all other claims" that are "part of the same case or controversy." (28 U.S.C. § 1367(a).) "Nonfederal claims are part of the same 'case' as federal claims when they 'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" (*Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint. Inc.* (9th Cir. 2003) 333 F.3d 923, 925 [*quoting Finley v. United States* (1989) 490 U.S. 545, 549 (internal quotations omitted)].) Here, Plaintiff's other, non-federal claim for wrongful termination in violation of public policy is part of the same case or controversy, which means that this Court may exercise supplemental jurisdiction over that state law claim.

13. In furtherance of Plaintiff's second and third causes of action under the FMLA, Plaintiff alleges that "Defendants unreasonably denied Plaintiff FMLA medical leave to which he was entitled, and they further discouraged Plaintiff from seeking the FMLA leave to which he was entitled" (Complaint, ¶ 53.) Plaintiff also alleges that "Defendants failed altogether to provide Plaintiff the requisite forms, notices, and information concerning Plaintiff's rights and responsibilities under the FMLA which was required of Defendants under the FMLA." (Complaint, ¶ 54.) Finally, Plaintiff alleges that "Defendants' treatment of Plaintiff, and their termination of his employment constitutes retaliation for his having exercised his FMLA rights in violation of the FMLA, 29 U.S.C. § 2615." As explained below, these claims are intertwined with, and transactionally related to, Plaintiff's other, non-federal claim.

14. Plaintiff would need to establish the same underlying facts with respect to his state law claim for alleged wrongful termination in violation of public policy. The FMLA

is one of the statutes embodying the fundamental public policy allegedly violated by Defendant in connection with their alleged interference with Plaintiff's purported leave rights under the FMLA and retaliation against him for allegedly exercising those rights. (*See* Complaint, ¶¶ 23, 74, and 75.)

15.  Accordingly, it is appropriate for this Court to exercise supplemental jurisdiction over Plaintiff's claims arising under state law. (*See United Mine Workers of America v. Gibbs* (1966) 383 U.S. 715, 725 [where in light of the common underlying facts, Plaintiff "would ordinarily be expected to try all of his claims in one judicial proceeding"]; *Picard v. Bay Area Reg'l Transit Dist*., 823 F.Supp. 1519, 1527 (N.D. Cal. 1993) [concluding that state law claims did not predominate where the same conduct formed the basis of the state and federal claims and would require "virtually the same evidentiary presentations at trial"]; *Robles v. AgReserves, Inc.*, 2014 U.S. Dist. LEXIS 87976 [where state law claims regarding meal and rest breaks did not predominate over federal claims for harassment, discrimination, and retaliation because they involved the same facts and witnesses, and shared a common nucleus of facts].)

## **CONCLUSION**

16.  Based on the foregoing, Defendant removes this action to this Court pursuant to the provisions of 28 U.S.C. Sections 1331, 1337, 1367, and 1441, as this Court has original jurisdiction over Plaintiff's FMLA claims and supplemental jurisdiction over Plaintiff's other claim, as they are part of the same case or controversy.

WHEREFORE, Defendant removes this action now pending in the Superior Court of the State of California for the County of Riverside to this Court.

DATED:  April 27, 2020                     JACKSON LEWIS P.C.

By:  /s/ *Jared L. Bryan*
Jared L. Bryan
Monica H. Bullock

Attorneys for Defendant
MISSION LANDSCAPE COMPANIES, INC.

# CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

**CASE NAME:**   *Sandor Gonzalez v. Mission Landscape, Inc.*

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, CA 92618.

     On  April 27, 2020, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1331, 1337, 1367, AND 1441**

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Megan Beaman<br>BEAMAN JACINTO LAW, P.C.<br>73733 Fred Waring Drive, Suite 203<br>Palm Desert, California 92260<br><br>**Covid-19 eService Agreement 04.24.20 Until Further Notice** | Attorneys for Plaintiff<br>SANDOR GONZALEZ<br><br>Telephone:  (760) 698-9626<br><br>Emails: megan@beaman-law.com; ruth@beaman-law.com; marlin@beaman-law.com |

**[X]    BY EMAIL SERVICE**

    **[ ]    VIA EMAIL TRANSMISSION:**  Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document described above to be sent from e-mail address stacy.boura@jacksonlewis.com to the persons at the e-mail address(es) listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    **[X]    FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on April 27, 2020, at Irvine, California.

                                                  */s/ Stacy Boura*
                                                   Stacy Boura

4812-8920-8505, v. 2