SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MISSION LANDCAPE COMPANIES, INC., and Does 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SANDOR GONZALEZ

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside
10/9/2019
V. Lopez
Electronically Filed

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside County Superior Court
3255 E. Tahquitz Canyon Way Palm Springs, CA 92262

CASE NUMBER: *(Número del Caso):*
**PSC1907282**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Megan Beaman, 73733 Fred Waring Dr., Suite 203, Palm Desert, CA 92260, 760-698-9626

DATE: **10/9/2019**                                   Clerk, by _____, Deputy
*(Fecha)*                                              *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form | Save this form |    | Clear this form |

| | | CM-010 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Megan Beaman (SBN 261539)<br>Beaman-Jacinto Law, P.C.<br>73733 Fred Waring Dr., Suite 203<br>Palm Desert, CA 92260<br>TELEPHONE NO.: (760) 698-9626   FAX NO.: (760) 262-3953<br>ATTORNEY FOR *(Name):* SANDOR GONZALEZ | | **FOR COURT USE ONLY**<br>**FILED**<br>Superior Court of California<br>County of Riverside<br>10/8/2019<br>V. Lopez<br>Electronically Filed |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside<br>STREET ADDRESS: 3255 E. Tahquitz Canyon Way<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Palm Springs, CA 92262<br>BRANCH NAME: Palm Springs | | |
| **CASE NAME:**<br>Sandor Gonzalez v. Mission Landscape Companies, Inc. | | |
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited  ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: **PSC1907282**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 8, 2019

Megan Beaman
(TYPE OR PRINT NAME)                                    ▶ /s/ [signature]
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Megan Beaman (SBN 261539)
megan@beaman-law.com
BEAMAN JACINTO LAW, P.C.
73733 Fred Waring Drive, Suite 203
Palm Desert, California 92260
T: (760) 698-9626

Attorney for Plaintiff

FILED
Superior Court of California
County of Riverside
10/8/2019
V. Lopez
Electronically Filed

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| SANDOR GONZALEZ, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>MISSION LANDSCAPE COMPANIES, INC.; and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No.: **PSC1907282**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>2. FLMA-Interference<br>3. FMLA-Retaliation<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SANDOR GONZALEZ alleges:

## NATURE OF ACTION

1. This action is brought by an employee, Sandor Gonzalez ("Mr. Gonzalez" or "Plaintiff"), against his former employer, Mission Landscape Companies, Inc., for Defendants' violation of California law for wrongful termination of his employment.

2. Plaintiff also brings this action against Defendants for Defendants' violations of the Family and Medical Leave Act, 29 U.S.C. §2601, et seq., including interference with and retaliation for Plaintiff's exercise of what should have been characterized as FMLA medical leave for his own serious health condition.

-1-
COMPLAINT

## PLAINTIFF

3. Plaintiff Sandor Gonzalez was at all times relevant was a resident of the State of California, County of Riverside, was approximately 45 years of age, and was employed by Defendants in a landscaping/foreman position.

4. Plaintiff was an "eligible employee" within the meaning of the FMLA, and he was entitled to FMLA protection and rights. 29 U.S.C. §2611(2). He was eligible and entitled to protected leave without interference, entitled to job restoration at the conclusion of his leave, and he was entitled to be free from retaliation within the meaning of FMLA as he worked for Defendants for at least 12 months, and he worked at least 1,250 hours during the twelve months preceding the start of what should have been characterized as FMLA protected leave.

5. At all relevant times, Plaintiff's physical and mental disabilities limited his ability to engage in major life activities such as working, sleeping, concentrating, and more, and/or required leaves of absence to attend follow-up or monitoring health care provider appointments for their residual effects.

6. At all relevant times, Plaintiff was capable of performing the essential functions of the job he held with and/or without reasonable accommodation.

## DEFENDANTS

7. Defendant Mission Landscape Companies, Inc. at all times relevant was and is a corporation organized under the laws of the state of California, doing business under its own corporate name. Defendant engages in commercial landscaping, and during all relevant times conducted business Coachella Valley, California, located in Riverside County, with an office located at 78260 Darby Road, Bermuda Dunes, California, 92203. Defendant is an employer within the meaning of applicable law.

8. Plaintiff is ignorant of the true names or capacities of the Defendants sued herein under the fictitious names of DOES 1 through 25, inclusive, and therefore sues said defendants under such fictitious names. Plaintiff will amend this complaint to allege the true names or capacities of said Defendants once they have been ascertained.

- 2 -
COMPLAINT

9. Plaintiff is informed and believes and therefore alleges that Defendant and each of the fictitiously named Defendants are responsible in some manner for the occurrence alleged herein and that the damages alleged herein were proximately caused by their conduct

10. Upon information and belief, Defendants (and each of them) fall within the meaning of a "covered" employer under the FMLA. At all times relevant to this Complaint, Defendant had at least fifty employees working within a 75-mile radius of Plaintiff's work site.

11. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

12. Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegation and reference shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally.

## FACTS

13. Mr. Gonzalez worked as a non-exempt landscape worker for Defendants during all times relevant to this action, beginning in or about 1998. He generally worked full time for Defendants, and his duties initially included pruning trees, cutting weeds, using the leaf blower, and other landscaping-related tasks.

14. On or about November 16, 2009, Defendants promoted Mr. Gonzalez to the position of foreman. As a foreman, Mr. Gonzalez's tasks including helping the other landscapers perform the same tasks he accomplished before as well as supervising them. For all his hard work, Defendants compensated him an extra $1.00 per hour, raising his hourly rate from $10.00 to $11.00.

15. On or about November 25, 2015, one day before Thanksgiving of that year, Mr. Gonzalez suffered a workplace injury to his back/spine causing him a serious condition (rising to

- 3 -
COMPLAINT

the level of a permanent partial disability). The work injury was caused by lifting a tree trunk with the help of other co-workers. Immediately, Mr. Gonzalez went to Eisenhower Occupational Medicine Clinic, where he was treated, diagnosed, and released to work with restrictions.

16. Specifically, as a result of his injury and disability, Mr. Gonzalez's healthcare provider ordered work restrictions requiring that he not lift anything over 10 pounds, crawl, kneel, or climb.

17. Thereafter, he received ongoing medical care and treatment for his injury. This treatment included physical therapy, which did little to relieve his pain. As a result, Mr. Gonzalez was referred to a pain management specialist, who treated him with a series of treatments, including injections to his spine (bilateral intraarticular facet injections).

18. Plaintiff also initiated a workers' compensation claim relating to his injury, as to which Defendants had express notice.

19. As early as November 30, 2015—the date of Plaintiff's injury—Defendants were expressly notified (including via written notice from Plaintiff's healthcare providers) of Plaintiff's physical condition and disability and further, Plaintiff's need for modified or light duty work. This express notice was reiterated to Defendants by Plaintiff and his healthcare providers on several occasions over the ensuing year.

20. Even though Mr. Gonzalez needed and requested modifications to his job to accommodate his physical condition caused by his physical injury and resulting condition, Defendants failed to accommodate him. Mr. Gonzalez continued working without the needed accommodations, all the while experiencing constant, chronic pain, for over one year and half since his injury on November 25, 2015 until on or about March 2017.

21. Plaintiff repeatedly provided to Defendants his healthcare provider's work status report, detailing his ongoing need for modified work assignments because of his injuries that caused him a serious and disabling physical condition. Nonetheless, Defendants repeatedly ignored his requests for accommodations. Plaintiff would show his supervisor his doctor ordered work restrictions to no avail, and even spoke to Human Resources about his work restrictions and requested accommodations, which he failed to receive for over one year and a half after his

work injury. Additionally, Defendants never offered medical disability leave as a form of accommodation and never engaged in any interactive process with Plaintiff to determine what reasonable accommodation might be needed, appropriate, and/or feasible.

22. Plaintiff's injuries caused him a physical condition rising to the level of a disability within the meaning of the Fair Employment and Housing Act, California Government Code §12940, et seq. ("FEHA"), for which he should have been afforded a meaningful and good faith interactive process and provision of reasonable accommodations by his employer.

23. Defendants knew or had reason to know of Plaintiff's injuries and his resulting inability to do his assigned work; they were also aware or reasonably should have known that as an alternative to modifications of his job assignments or assignment to light duty if such things could not reasonably be provided to him, that Plaintiff should have been allowed to exercise his right and entitlement to protected medical leave (whether under the FMLA, FEHA, or both) in order to rest and rehabilitate his injuries.

24. On or about March 2017, Defendants finally modified Plaintiff's work for the first time, by allowing him to work on a single task—fumigating—rather than rotating him to other positions or tasks that did not match his medical restrictions. This first accommodation on the part of Defendants occurred approximately one year and four months after Mr. Gonzalez's injury and inception of restrictions and limitations.

25. On or about April 2017, Defendants transferred Mr. Gonzalez to work at Angel View Resale Store, located at 73468 Highway 111 Palm Desert, California in Riverside County, California—apparently as a form of an accommodation. During the time that Mr. Gonzalez was working at Angel View, he was paid by Defendants.

26. In approximately August or September 2017, Mr. Gonzalez requested to return to work in his previous position and to try out the rotation of tasks that had previously been assigned to him. At that time, he felt that the landscaping work would actually be better for his condition and less painful than the work he was assigned to do at Angel View. Defendants denied this request.

27. Instead, on October 16, 2017, Defendants sent a letter to Plaintiff in which they informed him that he had been terminated because they could not accommodate him any longer, indicating that he could return and re-apply if at some point his condition improved, and making arrangements for his last paycheck.

28. At no time did Defendants provide to Mr. Gonzalez information related to his rights under the FMLA, inform him of his rights to refuse modified or light duty in favor of taking FMLA medical leave, nor suggest to Mr. Gonzalez that he was entitled to FMLA medical leave as an alternative to termination so as to allow him opportunity for rest and rehabilitation for his injuries and thus allow him to return to work at the conclusion of his leave.

29. As a result of Defendants' conduct, Mr. Gonzalez has suffered and continues to suffer substantial harm and damage, including emotional harm.

30. As a result of his loss of employment and Defendants' acts, Mr. Gonzalez has suffered and continues to suffer substantial economic harm, including lost income (back and front pay), lost employment benefits, out of pocket losses and special damages, and other economic losses (including all prejudgment interest thereon from the date of his termination to the date of judgment herein) to his detriment. As well, Mr. Gonzalez has suffered and continues to suffer significant emotional and mental impacts of Defendants' acts,

**FIRST CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**
**Against Defendants Mission Landscape Companies, Inc.**
**and DOES 1 through 25, inclusive**

31. Plaintiff re-alleges and incorporates by reference each preceding paragraph of this complaint as if fully set forth in this paragraph.

32. Defendants' termination of Plaintiff contravened substantial public policy embodied in codes, statutes, and regulations of the State of California prohibiting discriminatory termination, discrimination, harassment, and retaliation on the basis of an employee's disability or perceived disability, on the basis of an employee's requests or need for reasonable accommodation and medical leave, and/or on the basis of the employee's exercise of protected

- 6 -
COMPLAINT

1 rights.

2   33.   As a direct, foreseeable, and proximate result of Defendants' wrongful acts, Plaintiff has suffered special and general damages in an amount exceeding this court's minimum jurisdiction, to be determined according to proof at the time of trial.

34.   Defendants' acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination. Defendants' despicable, deliberate, and intentional acts entitle Plaintiff to recover punitive damages in a sum sufficient to punish and deter Defendants from future similar conduct.

**SECOND CAUSE OF ACTION**
**FMLA Interference**
**Against Defendants Mission Landscape Companies, Inc.**
**and DOES 1 through 25, inclusive**

35.   Plaintiff re-alleges and incorporates by reference all of the allegations set forth in all the paragraphs above, to the extent they are not contradictory to the relief requested herein, as if fully set forth herein.

36.   The FMLA, 29 U.S.C. §2612(a)(1) provides that an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period in order to care for his a serious health condition.

37.   The FMLA also entitles a protected employee to reinstatement of his job, with comparable benefits, pay, terms and conditions of employment on return from FMLA leave as if he had not taken leave. 29 C.F.R. §825.214.

38.   The FMLA further requires covered employers to provide their employees with several specific notices detailing their eligibility, entitlements, and responsibilities under the FMLA; failure to do so (in and of itself) may constitute interference with, restraint, or denial of an employee's rights under the FMLA. 29 C.F.R. §825.300.

39.   Plaintiff was an eligible employee within the meaning of the FMLA, he was entitled to receive up to twelve (12) weeks of unpaid leave annually under the FMLA, including

- 7 -
COMPLAINT

for his own serious health condition.

40. Defendants and each of them are "employers" within the meaning of the FMLA.

41. Plaintiff over the last two years of his employment gave Defendants notice of his need for medical leave, and Defendants knew or had reason to know he could not do his assigned work because of his serious health condition.

42. Among other things, Plaintiff's express notices to Defendants (including notices from his healthcare provider) made clear that if modified or light-duty work as meets his restrictions was not available, then Plaintiff should have been allowed medical leave from work for his serious health condition.

43. Yet, when Defendants decided they could no longer "accommodate" Plaintiff in a light-duty and/or modified position, Defendants simply terminated Plaintiff's employment instead of offering him FMLA leave to allow him to recuperate, treat and recover from his serious health condition.

44. The FMLA provides, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter." 29 U.S.C. §2615(a)(1).

45. An employee may be granted FMLA leave concurrent with a workers' compensation claim for a serious illness the employee suffers as a result of an on-the-job injury.

46. Further, and notwithstanding that Plaintiff was offered and/or worked light-duty or modified duty in relation to his workers' compensation claim and injuries, he was entitled to refuse light-duty/modified work and retain his FMLA leave rights – yet, Defendants never offered him this information nor any option for FMLA leave.

47. If an eligible employee cannot perform his current job because of his own serious health condition, his right to take FMLA leave is absolute.

48. If an employee elects light-duty in lieu of FMLA leave, the time he works in the light-duty position cannot be counted against his 12-week FMLA allotment. 29 C.F.R. §825.207(e).

- 8 -
COMPLAINT

49. Once an employer acquires knowledge that an employee may need leave for an FMLA-qualifying reason, then the employer must notify the employee of his eligibility to take FMLA leave and the employer must also give notice to the employee of his rights and obligations under the FMLA – these notices must be provided to the employee within five business days of the employer's acquisition of the information. 29 C.F.R. § 825.300.

50. An employee is not required to formally request FMLA leave, nor must he even mention the FMLA; rather, he must only provide sufficient information for his employer to recognize that his need for leave and/or inability to do his assigned work may be FMLA-qualifying.

51. If the employee's information to the employer is in any way deficient, then it is incumbent upon the employer to make further inquiry to determine the FMLA-qualifying nature relating to Plaintiff's needs.

52. Defendants failed to comply with their affirmative obligations under the FMLA to recognize Plaintiff's need for protected leave and/or to make further inquiry concerning his FMLA needs, eligibility, and entitlements.

53. By each of the acts and omissions describe herein, Defendants unreasonably denied Plaintiff FMLA medical leave to which he was entitled, and they further discouraged Plaintiff from seeking the FMLA leave to which he was entitled.

54. Moreover, Defendants failed altogether to provide Plaintiff the requisite forms, notices, and information concerning Plaintiff's rights and responsibilities under the FMLA which was required of Defendants under the FMLA; such notices are strictly regulated under the FMLA in both content and timing of delivery.

55. Defendants' failure to provide requisite and timely FMLA information and notices - including notices of Plaintiff's FMLA eligibility, rights and obligations - is itself an interference with Plaintiff's FMLA rights to take protected leave. 29 C.F.R. § 825.300(e).

56. Defendants further subjected Plaintiff to harassment and intimidation regarding his request, need for, and use of time off for his own serious health condition.

57. Defendants not only failed and refused to offer Plaintiff protected medical leave when they could no longer offer him modified or light-duty work – electing instead to terminate his employment - but Defendants also failed in their obligations to restore Plaintiff to his job once FMLA leave was complete.

58. Further, and notwithstanding Plaintiff's medical documentation and specific requests, Defendants engaged in conduct casting a chilling effect upon Plaintiff's exercise of his FMLA rights, denied Plaintiff the FMLA-protected leave to which he was entitled, and further failed to take appropriate affirmative actions to determine whether the leave he took and/or needed in lieu of light-duty work or termination was or should have been qualified as FMLA-protected leave.

59. Defendants' actions, as set forth herein, constitute unlawful interference with Plaintiff's rights under the FMLA, including interference with his existing and his reasonably anticipated future leave needs.

60. Defendants' actions were willful and knowing; at the very least, Defendants knew or reasonably should have known that their actions constituted interference with Plaintiff's FMLA rights and entitlements – including (at the very least) his rights to notice and information concerning his FMLA rights and eligibility for protected leave in lieu of workers' compensation light or modified duty, and/or as an alternative to termination.

61. Under the FMLA, Plaintiff is entitled to a strong presumption in favor of awarding him liquidated damages equal to the sum of the amount of lost income, benefits value, and other actual monetary losses suffered by Plaintiff. 29 U.S.C. §2617(a)(1)(A).

62. Defendants lacked any objectively reasonable grounds to believe that their actions complied with the FMLA.

63. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income (back and front pay), and loss of other employee benefits, as well as emotional damages.

64. Plaintiff also incurred other harm, including out-of-pocket costs, special damages,

- 10 -
COMPLAINT

and the loss of the value of his damages entitling him to prejudgment interest as provided for under the law. 29 U.S.C. §2617(a)(1)(A)(iii).

65. Plaintiff has also incurred attorney's fees and costs, as to which he is entitled to an award under the FMLA. 29 U.S.C. §2617(a)(3).

66. Defendants' conduct violated the FMLA, and as such, they are jointly and severally liable to Plaintiff for all damages, relief, and penalties to which he is entitled under the FMLA and such other and further relief as this Court deems appropriate.

### THIRD CAUSE OF ACTION – FMLA
### FMLA Retaliation
### Against Defendants Mission Landscape Companies, Inc.
### and DOES 1 through 25, inclusive

67. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in all the paragraphs above, to the extent they are not contradictory to the relief requested herein, as if fully set forth herein.

68. In addition to interfering with Plaintiff's FMLA rights, as set forth above, Defendants also retaliated against him for requesting, needing, and use of what should have been characterized as protected FMLA leave rights.

69. For instance, Plaintiff's notices to Defendants, and the notices from his healthcare provider to Defendants made clear that if modified or light-duty work was not available or an option, then Plaintiff needed medical leave for his serious health condition.

70. Defendants expressly acknowledged that Plaintiff's serious health condition rendered him unable to do his assigned work and still recover from his injuries; indeed, as late as April 5, 2017, Defendants informed Plaintiff's health care provider that modified and/or light duty was no longer to be offered because of its exacerbation of his health condition.

71. Plaintiff engaged in protected acts under the FMLA, in response to which Defendants retaliated against him with adverse acts, including Defendants' acts taken to dissuade Plaintiff from exercising his legal rights, and Defendants' termination of Plaintiff's employment.

- 11 -
COMPLAINT

72. When Defendants decided that they would no longer offer Plaintiff modified or light-duty work, they were already on notice of their obligation to provide Plaintiff medical leave; had Plaintiff not been in need of FMLA leave and/or had he not provided Defendants sufficient information to trigger their further inquiry into his need for FMLA-qualifying leave, Plaintiff would not have been subjected to Defendants' adverse acts described herein – including termination.

73. Upon information and belief, Defendants' stated rationale for terminating Plaintiff is pretext for FMLA retaliation.

74. Plaintiff's request and need for what should have been FMLA protected leave, and his readily anticipated need for future FMLA leave (and request therefor) was at least a motivating reason for Defendants' decision to terminate him.

75. Defendants' treatment of Plaintiff, and their termination of his employment constitutes retaliation for his having exercised his FMLA rights in violation of the FMLA, 29 U.S.C. § 2615.

76. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income (back and front pay), and loss of other employee benefits, as well as emotional damages.

77. Plaintiff also incurred other harm, including out-of-pocket costs, special damages, and the loss of the value of his damages entitling him to prejudgment interest as provided for under the law.

78. Plaintiff has also incurred attorney's fees and costs, as to which he is entitled to an award under the FMLA.

79. Defendants' conduct violated the FMLA, and as such, they are jointly and severally liable to Plaintiff for all damages, relief, and penalties to which he is entitled under the FMLA and such other and further relief as this Court deems appropriate.

**WHEREFORE,** Plaintiff prays for relief against Defendants, and each of them, as follows:

- 12 -
COMPLAINT

PRAYER

A. For special damages including unpaid wages, lost wages, lost benefits, bonuses, vacation benefits, and general damages in an amount in excess of the minimum jurisdictional limits of this court, according to proof:

B. For punitive damages in an amount sufficient to punish and deter;

C. For injunctive relief;

D. For applicable penalties;

E. For attorney fees;

F. For costs of suit incurred;

G. For prejudgment interest;

H. For such other and further relief as this court may deem just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: October 8, 2019                    Beaman Jacinto Law P.C.

*[signature]*

Megan Beaman
Attorney for Plaintiff Sandor Gonzalez

- 13 -
COMPLAINT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

- ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☒ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
- ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*:
Megan Beaman SBN 261539
Beaman-Jacinto Law, P.C.
73733 Fred Waring Dr., Suite 203
Palm Desert, CA 92260
TELEPHONE NO: (760) 698-9626    FAX NO. *(Optional)*: (760) 262-3953
E-MAIL ADDRESS *(Optional)*: megan@beaman-law.com
ATTORNEY FOR *(Name)*: Sandor Gonzalez

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Riverside
10/8/2019
V. Lopez
Electronically Filed

PLAINTIFF/PETITIONER: SANDOR GONZALEZ

DEFENDANT/RESPONDENT: MISSION LANDSCAPE COMPANIES, INC.

CASE NUMBER: **PSC1907282**

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92203

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date October 8, 2019

Megan Beaman                    ► *(signature)*
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                         (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]
(Reformatted 09/30/19)

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localfrms/localfrms.shtml

EXHIBIT A - PAGE 18

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF CASE MANAGEMENT CONFERENCE

GONZALEZ VS MISSION LANDSCAPE

CASE NO. PSC1907282

The Case Management Conference is scheduled for 04/08/20 at 8:30 in Department 01.

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 10/09/19

by: _____
VICTORIA LOPEZ, Deputy Clerk

cmcntc
5/25/18

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
3255 E. Tahquitz Cyn Way
Palm Springs, CA 92262
www.riverside.courts.ca.gov

**NOTICE OF DEPARTMENT ASSIGNMENT FOR LAW AND MOTION PURPOSES
AND NOTICE OF DEPARTMENT ASSIGNMENT
FOR CASE MANAGEMENT AND TRIAL ASSIGNMENT PURPOSES**

GONZALEZ VS MISSION LANDSCAPE

CASE NO. PSC1907282

This case is assigned to the HONORABLE Judge David M. Chapman in Department PS2 for Law and Motion purposes only.

Effective July 11, 2018, the case is assigned to Honorable Judge Craig Riemer in Department 1 Master Calendar at Historic Courthouse, 4050 Main St., Riverside for case management hearings (Case Management Conferences, Order to Show Causes, Status Conferences and Trial Setting Conferences).

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the Internet by 3:00 pm on the court day immediately before the hearing at <http://riverside.courts.ca.gove/tentativerulings.shtml>. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

Cases that originate in the Desert Region (Case Numbers beginning with PSC or INC) may be eligible for the First Fridays Mediation Program in Palm Springs. To be considered for assignment to that program, *parties must request assignment* in the Case Management Statement (preferably in response to Question No. 18) and provide sufficient information about the case upon which the Court can make the findings necessary for assignment to that program.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 pm the court day before the hearing. If no request for oral argument is made by 4:30 pm, the tentative ruling will become the final ruling on the matter effective the date of the hearing.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

The filing party shall serve a copy of this notice on all parties.

DALMCM
12/7/18

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 10/09/19    by: _____
VICTORIA LOPEZ, Deputy Clerk

DALMCM
12/7/18

EXHIBIT A - PAGE 21